UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIFTON HALSEY,<br><br>      Plaintiff,<br><br>   -against-<br><br>PHYSICIAN (SHPITZ) BKHD; LPN STEWART BKHD; HEALTH & HOSPITAL CORP.; CITY OF NEW YORK; HHC,<br><br>      Defendants. | 16-CV-9126 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  By order dated February 1, 2017, the Court granted Plaintiff – who appears *pro se*, proceeds *in forma pauperis*, and who is currently held in the Manhattan Detention Complex – leave to file an amended complaint within sixty days of the date of that order. The Court received Plaintiff's amended complaint on April 3, 2017. Plaintiff asserts claims of deprivations of his federal constitutional rights and other claims. He sues a physician (Defendant Shpitz) and a Licensed Practical Nurse (Defendant Stewart) who were assigned to the Brooklyn Detention Complex ("BKDC") while Plaintiff was held there. He also sues NYC Health + Hospitals (formerly known as the New York City Health and Hospitals Corporation or "HHC") and the City of New York.

  Plaintiff's claims arise from injuries that he sustained when he apparently slipped and fell while he was held in the BKDC. They also arise from the alleged inadequacy of the medical care that he received in that facility for his injuries from that fall. The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983, as well as claims under state-law. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, § 1391(c)(1), and an entity with the capacity to be sued, if a defendant, is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," § 1391(c)(2).

Under § 1391(b)(1), this Court is likely a proper venue for this action, as all of the defendants likely reside in New York State, and as at least one of them (the City of New York) resides within this judicial district. But, under § 1391(b)(2), the United States District Court for the Eastern District of New York is also a proper venue for this action. This is because the events underlying Plaintiff's claims allegedly took place in the BKDC, in Brooklyn, New York; Brooklyn is located in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "[A]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' makes a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is

unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this case. The events that are the basis of Plaintiff's claims took place, and the individual defendants (Defendants Shpitz and Stewart) are located, in Kings County, in the Eastern District of New York. It is also likely that relevant documents and nonparty witnesses are to be found in the Eastern District of New York. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. The Court further directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 4, 2017
       New York, New York

                                              COLLEEN McMAHON
                                          Chief United States District Judge